UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. FAZIO and KIM MARIE FAZIO, | No. 2:16-cv-2183 JAM DB PS |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, JP MORGAN CHASE BANK, NATIONAL ASSOCIATION; MTC FINANCIAL, DBA TRUSTEE CORPS; and DOES 1-100, | |
| Defendants. | |

This matter came before the court on November 18, 2016, for hearing of defendants' motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Plaintiffs Michael Fazio and Kim Fazio appeared in person on their own behalf. Attorney William Idleman appeared telephonically on behalf of defendants JP Morgan Chase Bank, N.A., ("Chase"), and Federal Home Loan Mortgage, ("Freddie Mac"). Attorney Martin Kosla appeared telephonically on behalf of defendant MTC Financial Inc., dba Trustee Corps, ("Trustee Corps"). After hearing oral argument, defendants' motions were taken under submission.

---

[1] Plaintiffs are proceeding pro se in this action. Therefore, the matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

For the reasons stated below, the undersigned will recommend that defendant Freddie Mac's motion to dismiss the complaint's federal law cause of action be granted and that this action be remanded to the El Dorado County Superior Court.

BACKGROUND

Plaintiffs, proceeding pro se, commenced this action on August 11, 2016, by filing a complaint in the El Dorado County Superior Court. (Compl. (ECF No. 1-1) at 1.[2]) Therein, plaintiffs allege causes of action for the violation of the Truth in Lending Act, ("TILA"), 15 U.S.C. § 1641, against defendant Freddie Mac, and for wrongful foreclosure and cancelation of documents against defendants Freddie Mac, Chase, and Trustee Corps, stemming from the August 20, 2014 foreclosure sale of the property at 7365 Nutmeg Lane, Placerville, California 95667, ("property"). (Id. at 8-32.)

Defendants Freddie Mac and Chase removed the matter to this court on September 13, 2016, on the basis of federal question and diversity jurisdiction. (ECF No. 1.) On September 20, 2016, defendants Freddie Mac and Chase filed a motion to dismiss. (ECF No. 6.) On October 7, 2016, plaintiffs filed an opposition to Chase's motion to dismiss. (ECF No. 10.)

On October 13, 2016, defendant Trustee Corps also filed a motion to dismiss. (ECF No. 15.) Plaintiffs filed an opposition to that motion to dismiss on October 28, 2016. (ECF No. 22.) Defendants Freddie Mac, Chase, and Trustee Corps filed replies on November 10, 2016. (ECF Nos. 26 & 27.)

STANDARDS

I. <u>Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)</u>

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

2

relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

////

////

////

ANALYSIS

I. TILA

Plaintiffs' complaint alleges that on December 24, 2007, plaintiffs "executed a Note and Deed of Trust in favor of, Washington Mutual Bank FA," to obtain the property. (Compl. (ECF No. 1-1) at 9.) According to the complaint, defendant Freddie Mac violated TILA "by concealing the purported assignment from [Chase] in 2012" of plaintiffs' Deed of Trust. (Id. at 32.)

Ordinarily, a plaintiff must bring an action seeking redress for TILA violations within one year from the alleged violation. 15 U.S.C. § 1640(e). However, under some circumstances, equitable tolling "may . . . suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA" violation. King v. State of Cal., 784 F.2d 910, 915 (9th Cir. 1986); see also Socop-Gonzalez v. I.N.S., 272 F.3d 1176, 1193 (9th Cir. 2001) (internal quotation marks and alterations omitted) ("We will apply equitable tolling in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim.").

Here, plaintiffs' complaint also alleges that on August 21, 2014, plaintiffs received an email from an attorney representing Freddie Mac informing plaintiffs that Freddie Mac purchased plaintiffs' property and that a trustee's deed upon sale was to be recorded in the El Dorado County Recorder's Office naming Freddie Mac as the "current owner."[3] (Compl. (ECF No. 1-1) at 15-16.) Moreover, the complaint alleges that on September 4, 2014, "a back dated assignment of deed of trust was recorded, which purport[ed] to transfer" the Deed of Trust and Note "to Freddie Mac as of July 3, 2012 . . . ." (Id. at 16.) In this regard, defendant Freddie Mac seeks dismissal of this claim, arguing that plaintiffs "admittedly were aware of the assignment [to Freddie Mac] by August 21, 2014." (Defs.' MTD (ECF No. 6) at 11.)

As explained above, plaintiffs were aware of the alleged TILA violation no later than September 4, 2014. This action, however, was not commenced until August 11, 2016—almost two years later. See McQuinn v. Bank of America, N.A., 656 Fed. Appx. 848, 850 (9th Cir.

---

[3] Plaintiffs have attached a copy of the email to their complaint. (Compl. (ECF No. 1-1) at 77.)

2016) ("because the transfer was publicly recorded, the McQuinns had a reasonable opportunity to discover the underlying facts of the TILA violation within the limitations period").

Accordingly, the undersigned finds that the complaint's TILA claim should be dismissed as time-barred.[4]

II. Diversity Jurisdiction

As noted above, in addition to the federal cause of action, plaintiffs' complaint asserts state law causes of action for wrongful foreclosure and cancellation of documents. (Compl. (ECF No. 1-1) at 2.) Defendants Chase and Freddie Mac assert that this court has diversity jurisdiction over these claims. (ECF No. 1 at 2-4.)

District courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

Here, defendant Chase is a citizen of Ohio and defendant Freddie Mac is a citizen of the District of Columbia. (ECF No. 1 at 3.) Plaintiffs and defendant Trustee Corps, however, are all citizens of California. (Id.) Defendants Chase and Freddie Mac argue that defendant Trustee Corps is a nominal defendant whose citizenship should be ignored for purposes of determining diversity. (Id. at 4.)

////

---

[4] Because plaintiffs' TILA claim is time-barred the undersigned finds that it would be futile to grant plaintiffs leave to amend this claim.

5

A party who has "no control of, impact, or stake in the controversy" is a nominal party. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 82 (2005). In this regard, "[d]efendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder." Strotek Corp. v. Air Transport Ass'n. of America, 300 F.3d 1129, 1133 (9th Cir. 2002); see also Kuntz v. Lamar Corp., 385 F.3d 1177, 1183 (9th Cir. 2004) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."). "The paradigmatic nominal defendant is a trustee, agent, or depositary who is joined purely as a means of facilitating collection." S.E.C. v. Colello, 139 F.3d 674, 676 (9th Cir. 1998) (internal quotations omitted).

"However, courts have found that trustees are more than nominal defendants where the complaint includes substantive allegations and asserts claims for money damages against the trustee." Perez v. Wells Fargo Bank, N.A., 929 F.Supp.2d 988, 1002 (N.D. Cal. 2013). Here, the complaint's two state law causes of action—wrongful foreclosure and cancelation of documents— are alleged against defendant Trustee Corps. (Compl. (ECF No. 1-1) at 20-21.) In this regard, the complaint alleges that defendant Trustee Corps "did not exercise minimum due diligence" prior to filing a Notice of Default and Trustee Sale on behalf of a party that "had no interest in Plaintiffs' Deed of Trust," (id. at 10), "defrauded Plaintiffs," by accepting a "credit bid" from defendant Freddie Mac "when they were not legally assigned interest in Plaintiffs DOT," (id. at 18), "never notified Plaintiffs of the purported transfer to Freddie Mac," (id.), were "not the lawfully substituted trustee," and, therefore, did not have "the right to declare default . . . or foreclose on Plaintiffs' interest in the subject property." (Id. at 18, 20.) Moreover, the complaint seeks, at a minimum, $500,000 in damages from defendant Trustee Corps. (Id. at 32.)

Accordingly, the undersigned finds that defendant Trustee Corps is not a nominal defendant. See Lam v. JPMorgan Chase Bank NA, 605 Fed. Appx. 600, 601-02 (9th Cir. 2015) ("Lam's complaint, however, alleged misconduct on the part of Trustee Corps and sought damages from it. Thus, Trustee Corps is a real party to the controversy, and its citizenship must be counted for purposes of diversity jurisdiction."); Moore v. Wells Fargo Bank, Civ. No. 2:16-566 WBS CKD, 2016 WL 3091087, at *5 (E.D. Cal. June 2, 2016) ("A trustee is not considered a

nominal party if the plaintiff pleads substantive allegations against and seeks to recover money damages from the trustee."); Raissian v. Quality Loan Service Corp., No. CV 14-7969 BRO (AGRx), 2014 WL 6606802, at *4 (C.D. Cal. Nov. 19, 2014) ("a court need not regard a trustee as a nominal party where the complaint pleads substantive allegations against and seeks money damages from the trustee"); Natividad v. Ocwen Loan Servicing, LLC, No. 2:14-cv-1670 MCE DAD, 2014 WL 6611054, at *4 (E.D. Cal. Nov. 18, 2014) ("In the complaint, Plaintiff alleges, among other things, that Sage Point 'was notified that Plaintiff submitted a complete loan modification application to Ocwen before Sage Point filed the June 20, 2014 NOD' . . . . Such allegations, among others, support claims for wrongdoing against Sage Point such that its citizenship should not be disregarded."); Pardo v. Sage Point Lender Services LLC, No. 14cv305 WQH DHB, 2014 WL 3503095, at *4 (S.D. Cal. July 14, 2014) ("A fair construction of the Complaint demonstrates at this point in the proceedings that Sage Point is being sued for wrongdoing and not merely as a party from whom to 'facilitate collection.'"); Perez, 929 F.Supp.2d at 1004 ("Loanstar is not a nominal party in this action. In their SAC, Plaintiffs make two substantive claims—violation of the UCL and wrongful foreclosure—against Loanstar. Plaintiffs seek money damages for lost equity in their property, lost personal property, and severe emotional distress. Both claims are premised on Plaintiffs' allegation that, on June 26, 2010, Loanstar's status line contained a recorded message stating that the June 28, 2010 sale had been canceled but the sale went forward. It is clear that Loanstar was not joined purely to perform a ministerial act. Rather, Plaintiffs seek damages from Loanstar based on its conduct, which they allege has caused them to lose equity in their home, suffer emotional distress, and lose personal property."); cf. Losurdo v. JPMorgan Chase Bank, N.A., LA CV16-1409 JAK (AGRx), 2016 WL 8730559, at *4 (C.D. Cal. May 6, 2016) (finding defendant a nominal party where "[c]omplaint makes no substantive allegations about any claimed wrongdoing by MTC").

III.    Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The court's discretion to decline jurisdiction over state law claims is informed by the

values of judicial economy, fairness, convenience, and comity. Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). In addition, "[t]he Supreme Court has stated, and [the Ninth Circuit] ha[s] often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Acri, 114 F.3d at 1001 (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)); see also Satey v. JP Morgan Chase & Co., 521 F.3d 1087, 1091 (9th Cir. 2008) (recognizing this principle but noting that dismissal of the remaining state law claims is not mandatory).

Of course, "primary responsibility for developing and applying state law rests with the state courts." Curiel v. Barclays Capital Real Estate Inc., Civ. No. S-09-3074 FCD KJM, 2010 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010). Here, consideration of judicial economy, fairness, convenience, and comity all point toward declining to exercise supplemental jurisdiction. Therefore, the undersigned will also recommend that the assigned District Judge decline to exercise supplemental jurisdiction over the complaint's state law claims.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant Freddie Mac's September 20, 2016 motion to dismiss the complaint's TILA claim (ECF No. 6) be granted;

2. The complaint's TILA cause of action be dismissed without leave to amend;

3. The court find that defendant Trustee Corps is not a nominal defendant;

4. The court decline to exercise supplemental jurisdiction over the complaint's state law causes of action for wrongful foreclosure and cancelation of documents; and

5. This action be remanded to the El Dorado County Superior Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 2, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/fazio21834.mtd.f&rs